In the Matter of WILLIAM L. DARROW, an Attorney, Respondent. WESTCHESTER COUNTY BAR ASSOCIATION, Petitioner.

Second Department, May 8, 1972.

*Alfred D. Fredericks* for petitioner.

*William L. Darrow,* respondent in person.

*Per Curiam.* The respondent was admitted to the Bar on January 29, 1936, at a term of the Appellate Division in the Second Judicial Department. The Justice of the Supreme Court to whom the issues herein were referred for hearing and report having submitted his report to this court, wherein he found three of the six charges of professional misconduct sustained in whole or in part, the petitioner now moves to confirm the report and the respondent cross-moves to dismiss the petition.

In brief, the charges found to have been sustained against the respondent are that he borrowed various sums of money in excess of $13,000 from three individuals, all of whom were clients who had retained him. At the time of the hearing before Mr. Justice McCULLOUGH the loans had not been repaid. In addition, although no specific finding was made as to a further charge, the respondent admitted in his answer that he had incurred various personal and business obligations which he failed to pay and that as a result thereof at least 14 were reduced to judgments the total amount of which exceeded $8,700.

Mr. Justice McCULLOUGH found, and we agree, that the borrowing of money by the respondent, as charged, constituted unprofessional conduct. Accordingly, the petitioner's motion to confirm the report is granted; the respondent's cross motion to dismiss the petition is denied; and the charges are found to have been sustained to the extent indicated in the report.

However, in determining the measure of discipline to be imposed upon the respondent, we have taken into consideration certain extenuating circumstances which tend to mitigate his conduct. As found by the Justice: " It is undisputed that the respondent's troubles began with the disasterous [sic] fire which to all intents and purposes wiped out his law office together with all of his records, files and his library. In this connection, it should also be pointed out that the respondent is a single practitioner. * * *

" After the fire, in an effort to pay his current living expenses and in an attempt to restart his practice, he ill-advisedly borrowed from these clients. Coincidentally, his health began to suffer and he has been periodically disabled from practice and under the care of physicians to the present time.

" The respondent has made legitimate efforts to meet his obligations and as of the date of this report he has repayed [sic] the loans made by * * * [his clients]. He has thus repaid, in full, any loans made by clients. He has also obtained satisfactions for some, if not all, of the other judgments outstanding against him.

" The respondent has been completely cooperative with the Grievance Committee and with the Court throughout these proceedings."

In view of the respondent's tenure at the Bar without previously reported misconduct, and in view of the circumstances herein set forth, we deem the appropriate measure of discipline to be a censure.

RABIN P. J., HOPKINS, MUNDER, LATHAM and SHAPIRO, JJ., concur.

Petitioner's motion granted; cross motion denied; the charges are found to have been sustained to the extent indicated in the report; and respondent is hereby censured for the conduct of which he has been found guilty .