In the Matter of ROBERT L. FRASER, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, May 22, 1987

**APPEARANCES OF COUNSEL**

*David E. Brennan (Gerard M. LaRusso* of counsel), for petitioner.

*Robert L. Fraser,* respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to practice law in New York State by this court on March 13, 1941. He is charged by the Grievance Committee of the Seventh Judicial District with multiple violations of the disciplinary rules of the Code of Professional Responsibility, specifically, DR 5-104 (A) (charges I, II and V); DR 9-102 (charge III); and DR 1-102 (A) (5) (charge VI). In addition, respondent is charged with violating Judiciary Law § 468-a (charge IV). Respondent denied the allegations of professional misconduct and we referred the matter to a Referee to hear and report. The Referee found respondent guilty of charge III but not guilty of the other five charges. Petitioner now moves to confirm the Referee's report in part and disaffirm in part. Respondent cross-moves for similar relief. We grant petitioner's motion and find respondent guilty of all six charges against him.

### CHARGES I, II AND V

Respondent was charged with violating DR 5-104 (A), which limits a lawyer's business relations with a client unless the client consents after full disclosure. The charge was based on respondent's borrowing money from clients, former clients, and relatives of clients. Respondent entered into three loan transactions, borrowing $6,500 from Edgar and Miriam Rose in November 1981; $6,000 from George and Lillian Schroder in March 1983; and $7,500 from Elsie Race in February 1984. A total of $16,500 plus interest remains outstanding on the loans and respondent has filed for bankruptcy.

In the particular circumstances presented here, we find that respondent violated DR 5-104 (A) by borrowing money from clients and relatives of clients and failing to repay it *(see, Matter of Plewniak,* 91 AD2d 285; *Matter of Pacor,* 87 AD2d 392; *Matter of Darrow,* 39 AD2d 62). The record establishes that respondent requested clients to lend him money when he knew or should have known that he had limited means with which to repay the loans and, with respect to the last two loans, when he was in default on other obligations. The record also shows that respondent failed to disclose those facts to the lenders.

### CHARGE III

Respondent was charged with violating DR 9-102 for failing to identify, preserve, and pay over funds of a client received by him while acting as an attorney. The charge arose out of respondent's unjustified retention of a portion of the proceeds of the sale of real estate by his client, Marian M. O'Brien. The record establishes that respondent agreed to handle an earlier closing for a fee of $325, $250 of which he was paid in advance. Following the subsequent closing, respondent forwarded $33,500 to Mrs. O'Brien but retained $2,269.93 of the proceeds to cover certain other costs itemized in the settlement statement, including the balance of his legal fee, the listing broker's commission of $1,425, and the $425 balance of the selling broker's commission. In addition, respondent retained $550 received by him on behalf of the seller as a fee for two month's rental of the property. Respondent failed to forward the closing statement to his client or otherwise advise her of the receipt of those funds until 2½ months after the closing. Thereafter, respondent failed timely to remit to the listing and selling brokers their full commissions, despite the client's repeated instructions that he do so, and, in addition, failed to turn over the $550 rental fee to Mrs. O'Brien. At the time of the hearing, 18 months after the closing, respondent continued to retain $2,027.93 of the sale proceeds, an amount which respondent attempted to characterize as his fee for handling this $57,000 sale of real property. Respondent admitted that he failed to maintain a separate bank account for the funds during that period and that he kept the funds at home in a drawer.

We find respondent guilty of failing to identify, preserve, and properly pay over funds of a client received by him in his capacity as an attorney, as required by DR 9-102 (*Matter of Owens*, 103 AD2d 301).

### CHARGE IV

Respondent was charged with violating Judiciary Law § 468-a for failing to register as an attorney. Respondent admitted the charge, testifying that he was unaware of the 1981 enactment of the registration requirement prior to the institution of these charges in 1985. We find respondent guilty of failing to register.

### CHARGE VI

Respondent was charged with violating DR 1-102 (A) (5),

engaging in conduct prejudicial to the administration of justice, for his failure to cooperate with the Grievance Committee in its investigation of the Rose and Race complaints (charges I and II). The petition alleged that respondent failed to answer truthfully when he was questioned by representatives of the Grievance Committee whether he had other outstanding obligations to clients. At the hearing, respondent admitted that he failed to mention the Schroder loan (charge V) when asked if there were other loans outstanding, but sought to explain that failure by testifying that he thought he was being asked only about loans which were in default. That explanation was shown to be false by the uncontroverted proof concerning the Schroder loan. Respondent borrowed $6,000 from the Schroders on March 25, 1983 and the note was due four months later. The note has not been paid and respondent made only partial interest payments in 1985 and 1986. Thus, the Schroder loan was in default at the time of the investigation and respondent's explanation that he misunderstood the inquiry lacks credibility. " 'Full and forthright co-operation with the committee' " is the lawyer's obligation *(Matter of Casey,* 75 AD2d 664). We find respondent guilty of engaging in conduct prejudicial to the administration of justice for failing to cooperate with the Grievance Committee *(Matter of Menack,* 92 AD2d 336).

In accordance with the foregoing findings, we determine that respondent is guilty of professional misconduct as charged in the petition and that he should be suspended for one year and until further order of this court.

DILLON, P. J., CALLAHAN, DOERR, DENMAN and GREEN, JJ., concur.

Order of suspension entered.